UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **TYQUAN STEWART bey,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00286-WCL-SLC |
| | ) |
| **CITY OF FORT WAYNE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## **OPINION AND ORDER**

Before the Court are two documents filed by *pro se* Plaintiff: (1) an Amended Complaint filed on January 11, 2019 (DE 21); and a motion entitled "Leave to Amend" filed on April 25, 2019 (DE 31). Defendants have not filed a response to either document, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(2)(A).

As to the Amended Complaint filed on January 11, 2019, it was filed without leave of Court or an accompanying motion. *See* Fed. R. Civ. P 15(a)(2); N.D. Ind. L.R. 15-1. Accordingly, the Court deemed this filing to be a motion to amend seeking leave to file the proposed amended complaint. (DE 22). The deadline for Plaintiff to seek leave to amend his pleadings was March 11, 2019 (DE 20; DE 23), and thus, the motion was timely filed. Because Defendants do not oppose the motion, because the motion was timely filed, and because the Court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court will grant Plaintiff's motion to amend filed on January 11, 2019.

In the filing on April 25, 2019, Plaintiff seeks leave to amend his complaint again—this time to add a negligence claim concerning the Defendant officers' failure to wear body cameras while on duty. Plaintiff's motion, however, is untimely because it was filed six weeks after the

1

deadline to amend his pleadings had passed. A scheduling order may be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001). To demonstrate good cause, a party must show that despite his diligence, the time table could not reasonably have been met. *Lawson v. Bethesda Lutheran Cmtys., Inc.*, No. 1:11-cv-228, 2012 WL 3288737, at *2 (N.D. Ind. Aug. 10, 2012) (citation omitted).

In an attempt to establish good cause, Plaintiff states that he "did not become aware of [this negligence claim] until discovery." (DE 31 at 1). But Plaintiff does not state the specific date he learned of this information, and why, if exercising due diligence, he could not have discovered the information prior to the deadline to seek leave to amend his pleadings. As such, Plaintiff has not established good cause for the untimely motion. And there is a second problem with Plaintiff's motion: he failed to attach a proposed amended complaint in accordance with Local Rule 15-1. For these reasons, Plaintiff's second motion to amend is deficient and will be denied.

Therefore, Plaintiff's motion to amend (DE 21) dated January 11, 2019, is GRANTED. The Clerk is DIRECTED to show the Amended Complaint (DE 21) filed. Plaintiff's motion to amend (DE 31) dated April 25, 2019, however, is DENIED.

SO ORDERED.

Entered this 16th day of May 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge